### BONNIN & CO. et al. v. VAZQUEZ.

(Circuit Court of Appeals, First Circuit. February 25, 1925.)

No. 1764.

Bankruptcy ⟨⟩59—Failure to discharge attachment before sale of the property pending suit as perishable held not an act of bankruptcy.

A sale of attached property pending the suit, under a statute authorizing such sale where the property is perishable, is merely to preserve the status quo, and is not a "sale or final disposition," within the meaning of Bankruptcy Act § 3a (3), being Comp. St. § 9587a(3), and failure to discharge the attachment before such sale is not an act of bankruptcy thereunder.

Appeal from the District Court of the United States for the District of Porto Rico; Arthur F. Odlin, Judge.

In the matter of Candido Vazquez, alleged bankrupt. From an order dismissing an involuntary petition, Bonnin & Co., S. en C., and others, petitioning creditors, appeal. Affirmed.

Vicente Zayas Pizarro, of Ponce, Porto Rico, for appellants.

Hugh R. Francis and Manuel Cruz Horta, both of San Juan, Porto Rico, for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, J. In the court below Vazquez was adjudged a bankrupt on an involuntary petition purporting to allege an act of bankruptcy under section 3a (3), (being Comp. St. § 9587a (3), which reads as follows:

"Acts of bankruptcy by a person shall consist of his having * * * (3) suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any

property affected by such preference vacated or discharged such preference."

In this case it is agreed that Vazquez was insolvent and that on June 19, 1923, within four months of the date of the filing of the petition, an attachment was made of provisions belonging to him by a creditor having a provable claim; that on July 11, 1923, before any judgment was rendered in that suit, the attaching creditor obtained an order for a sale of the attached property as perishable; that the proceeds of the sale were, as provided by R. S. Porto Rico, § 5242, deposited with the clerk of the district court of Ponce to await final disposition of the suit; that on July 19, 1923, Vazquez was defaulted in that suit, and judgment entered against him; that from this judgment an appeal was, on August 20, 1923, taken to the Supreme Court of Porto Rico; that on December 18, 1923, the Supreme Court of Porto Rico dismissed the appeal, no briefs having been filed.

The court below dismissed the petition on the ground that no act of bankruptcy was shown within four months of the filing of the petition.

In Citizens' Banking Co. v. Ravenna Bank, 234 U. S. 360, 364, 34 S. Ct. 806, 58 L. Ed. 1352, the Supreme Court held that the act of bankruptcy which section 3a (3) defines consists of three elements: "The first is the insolvency of the debtor; the second is suffering or permitting a creditor to obtain a preference through legal proceedings, that is, to acquire a lien upon property of the debtor by means of a judgment, attachment, execution or kindred proceeding, the enforcement of which will enable the creditor to collect a greater percentage of his claim than other creditors of the same class; and the third is the failure of the debtor to vacate or discharge the lien and resulting preference five days before a sale or final disposition of any property affected." And in considering the third element—"and not having at least five days before a sale or final disposition of any property affected by said preference vacated or discharged such preference"—it held that "as these words are a part of a provision dealing with liens obtained through legal proceedings, and as the enforcement of such a lien usually consists in selling some or all of the property affected and *applying the proceeds to the creditor's demand,* it seems quite plain that it is to such a sale the clause refers. And as there are instances in which the property affected does not require to be sold, as when it is money seized upon execu-

tion or attachment or reached by garnishment, it seems equally plain that the words 'or final disposition' are intended to include the act whereby the debtor's title is passed to another when a sale is not required. No doubt, the terms 'sale or final disposition,' explained as they are by the context, are comprehensive of every act of disposal, whether by sale or otherwise, which operates as an enforcement of the lien or preference."

Applying the foregoing proposition to the facts in this case, we are of the opinion that the sale of the attached perishable property did not operate as an enforcement of the lien or preference by an application of the proceeds to the creditor's demand, but to protect the rights of all parties having any interest in the perishable property by preserving the status quo as far as possible, and that an act of bankruptcy as defined by section 3a (3) was not established. The sale simply operated to convert the attached perishable property into cash to await the final disposition of the suit.

The decree of the District Court is affirmed, with costs to the appellee in this court.